IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| DONNA JUNE ENRIGHT, | ) | Cause No. CV 04-115-BLG-RWA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | OF U.S. MAGISTRATE JUDGE |
| C/O JIM HEINE and C/O WAGNER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff Donna June Enright filed this action on August 19, 2004. After she was given two opportunities to amend, the Court ordered the dismissal of some defendants and claims and ordered a response from Defendants Heine and Wagner. Following the Order of United States District Judge Richard F. Cebull on August 30, 2005, Heine and Wagner are the only two Defendants remaining in the action.

When counsel for the Department of Corrections declined to waive service on behalf of Defendant Heine because he no longer works at the Montana Women's Prison, the Court ordered Enright to submit an address at which Heine could be personally served. She

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 1

did so on January 27, 2006.

On December 2, 2005, Defendant Wagner filed a motion to dismiss this case for Plaintiff Enright's failure to exhaust her administrative remedies. On December 8, 2005, the Court issued a notice and warning to Enright, pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003), and *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc), and extended Enright's time to respond to the motion to January 6, 2006. On January 4, 2006, Enright filed her response.

**I. Defendant Wagner's Motion to Dismiss**

Defendant Wagner adequately establishes that Enright did not file a grievance concerning her dispute with him. *See* Cowee Aff. (doc. 17-1 at 7) at 2, ¶¶ 4, 8-9. Wagner meets his initial burden of proving Enright's failure to exhaust her administrative remedies as required by 42 U.S.C. § 1997e(a).

In her response to the motion, Enright asserts:

> Wagner argues I did not follow the correct procedures to remedy the situation. That argument does not change the facts....
>     I did not grieve the situation because the Grievance policy is flawed in effect by the very manner in which it is applied. Ms. Gloria Cowee is the Hearings Officer. Ms. Cowee is the Grievance Officer and she acts in the Appeals process. There is very little point in asking the very person who has refused to view the facts, interview witnesses or use witness statements to make an accurate finding....
>     The Grievance procedure is flawed and in some cases the retaliation of the staff is not even disguised as anything else but retaliation[.]...
>     In using the grievance process I have found that I

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 2

> only make a bad situation worse.  I attempted a grievance
> in November of this year.  I do not trust the in-house
> grievance procedure.   It has a built in bias and
> retaliation is a very possible end result.

Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. 21) at 1, 2, 3, 6.

Enright's obligation to use the grievance procedure does not depend on her assessment of its utility.  The prison decides what its grievance procedure is, and Congress requires that it be exhausted *before* an inmate may file a Complaint.  *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).  It does not matter whether the prisoner believes exhaustion will be futile, whether the grievance process is "plain, speedy, and effective," whether it satisfies "certain 'minimum acceptable standards' of fairness and effectiveness," or whether requiring the prisoner to use the grievance procedure is "appropriate and in the interests of justice."  *Booth v. Churner*, 532 U.S. 731, 740 & n.5 (2001); *id*. at 741 & n.6.  It does not matter whether the relief the inmate seeks is available through the grievance process.  *See id*. at 733.

Even a prisoner's fear of retaliatory action could not excuse her from pursuing administrative remedies.  Prison officials are prohibited from retaliating against prisoners who engage in constitutionally protected activities.  *See, e.g., Rizzo v. Dawson*, 778 F.2d 557, 532 (9th Cir. 1985); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  The First Amendment protects inmates' right

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 3

to file grievances under prison procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Exhaustion is simply "an indispensable requirement." *McKinney*, 311 F.3d at 1199; *see also Woodford v. Ngo*, __ U.S. __, __, 126 S.Ct. 2378, 2383 (2006) ("proper exhaustion of administrative remedies is necessary."); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).[1]

Ninth Circuit precedent requires exhaustion of administrative remedies *before* suit is filed. In *McKinney*, the court considered "whether a district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed." 311 F.3d at 1199. The court joined the First, Second, Third, Seventh, Tenth, Eleventh, and D.C. circuits in holding that 42 U.S.C. § 1997e(a) "requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." *Id*. Consequently, it would do Enright no good to exhaust her claims now. Her claim against Defendant Wagner must be dismissed.

---

[1] *Woodford* interprets the administrative exhaustion provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), to require timely and proper exhaustion of administrative remedies in the same sense that timely and proper exhaustion of state judicial remedies is required in a habeas case. Consequently, inmates must file grievances and pursue all available appeals over any incident that they might eventually wish to pursue in federal court.

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 4

**II. Defendant Heine**

The only allegation Enright makes against Heine is that he assaulted her in October 1997.  *See* Second Am. Compl. (doc. 8) at 4, ¶ IV.A(1), (2).  That allegation plainly falls outside the three-year statute of limitations for actions under 42 U.S.C. § 1983.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-2-204(1) (1997).

Although the limitations period is an affirmative defense and generally must be raised and proved by the defense, *cf. Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003), it is clear on the face of Enright's pleading that the statute bars her claim against Heine.  Pursuant to 28 U.S.C. § 1915(d)(2)(B)(ii), the allegations barred by the statute fail to state a claim.  *See, e.g., Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984) (action may be dismissed where "defense is complete and obvious from the face of the pleadings").

"A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (internal citations and quotations omitted); *see also DeAnza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991); *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir. 1991).  Under the circumstances alleged in Enright's Second Amended

Complaint, she knew what Heine had done as soon as he did it. Consequently, unless there is some basis for tolling the statute of limitations, Enright's claim against Heine is time-barred.

Tolling is governed by state law. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Wilson*, 471 U.S. at 269. Montana law permits extension of the limitations period for plaintiffs who are minors or who have been civilly committed pursuant to state law. *See* Mont. Code Ann. § 27-2-401 (1997). Enright does not fit those criteria. Therefore, tolling is not available under state statutory law.

Montana common law permits equitable tolling of the statute under certain circumstances. *See, e.g.*, *Hash v. U.S. West Communications Servs.*, 886 P.2d 442, 446 (Mont. 1994);[2] *Nicholson v. Cooney*, 877 P.2d 486, 489 (Mont. 1994); *Mellem v. Kalispell Laundry and Dry Cleaners*, 774 P.2d 390, 391-92 (Mont. 1987). However, it is difficult to imagine that Enright would be entitled to equitable tolling for more than four years beyond the expiration of the statutory three-year period. If she believes she is so entitled, she may make that argument in objection to the Recommendation below.

---

[2] In this connection, the Court notes that the prison grievance process is a prerequisite, not an alternative, to filing a § 1983 action.

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 6

**RECOMMENDATIONS**

Based on the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS**:

1. Defendant Wagner's motion to dismiss (doc. 17) should be GRANTED. Wagner should be DISMISSED on the grounds that Enright failed to exhaust her administrative remedies with respect to her claim against him.

2. Enright's claim against Defendant Heine should be DISMISSED WITH PREJUDICE on the grounds that it falls outside the three-year statute of limitations for actions under 42 U.S.C. § 1983.

3. All claims against all Defendants having been dismissed, the case should be CLOSED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the date on the certificate of mailing below, or objection is waived.

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATIONS
OF U.S. MAGISTRATE JUDGE / PAGE 7

Plaintiff must immediately notify the Court of any change of address.  Failure to do so may result in dismissal of this case without further notice.

DATED this ___9th___ day of August, 2006.

                                     /s/ Richard W. Anderson
                                     Richard W. Anderson
                                     United States Magistrate Judge